**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**HEATHER A. GREEN,**

        **Plaintiff,**

-vs-                                                      Case No. 3:11-cv-922-J-37TEM

**THE TRAVELERS INDEMNITY CO.,**
**d/b/a TRAVELERS INDEMNITY**
**COMPANY OF AMERICA,**

        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff HEATHER A. GREEN ("Green")'s Motion to Remand and Supporting Memorandum of Law (Doc. No. 5), filed on September 23, 2011, and Defendant THE TRAVELERS INDEMNITY CO. d/b/a TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers")'s Response (Doc. No. 10), filed on October 7, 2011. After its consideration of the parties' filings, the Court GRANTS Green's Motion to Remand for the reasons set forth below.

## BACKGROUND

On August 11, 2011, Green filed a lawsuit against Travelers in the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida, seeking uninsured/underinsured motorist ("UM") insurance benefits as a result of injuries she sustained in an automobile collision which occurred on July 11, 2010, in Duval County, Florida. (Doc. No. 5, p. 2.) Pursuant to 28 U.S.C. §§ 1441 and 1446, Travelers timely removed the action to this Court. In support of its removal, Travelers submitted that:

(1) the applicable insurance policy provides up to $100,000.00 of UM insurance;[1] (2) Green wrote a settlement letter demanding the $100,000.00 of UM insurance; and, (3) Green filed a Civil Remedy Notice of Insurer Violations requesting $100,000.00. (*See* Doc. No. 1.) Without contesting the diversity of citizenship, Green files her motion to remand because Travelers "has not clearly and unambiguously established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (*Id.* at 1) (internal citation omitted). To this motion the Court now turns.

## APPLICABLE LEGAL STANDARD

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co., Inc.*, 200 F.3d 753, 755 (11th Cir. 2000). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Because this case was originally filed in state court and removed to federal court by Travelers, Travelers bears the burden of proving that federal jurisdiction exists. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy "can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th

---

[1] The Policy limits give no indication as to the amount in controversy in this case. *See, e.g.*, *Martins v. Empire Indem. Ins. Co.*, No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) ("In determining the amount in controversy in the insurance context, numerous courts have held that 'it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy.' ") (quotation omitted) (collecting cases).

-2-

Cir. 2001) (stating the removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove).

The Eleventh Circuit has set forth a procedure for trial courts to follow in determining whether the jurisdictional amount is satisfied at the time of removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams*, 269 F.3d at 1319; *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010) (noting that a court will permit "the use of deduction, inference, or other extrapolation of the amount in controversy," when the amount in controversy is not apparent from the face of the complaint).

Under 28 U.S.C. § 1446(b), to determine whether removal to federal court is an appropriate measure, "the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). "In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith." *Id.* at 1215. If the removal petition is brought under the first paragraph of § 1446(b), as it is here, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard,"

and "[d]efendants may introduce their own affidavits, declarations . . ." or ". . . other summary judgment type evidence that may reveal that the amount in controversy is satisfied." *Pretka*, 608 F.3d at 754-55 (internal citations omitted); *see also Williams*, 269 F.3d at 1319; *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (stating courts "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal' ") (internal citation omitted). In addition, the Eleventh Circuit made clear that if the jurisdictional amount is not clear or readily deducible from the face of the removing documents, then "the court must remand." *Lowery*, 483 F.3d at 1211.

## DISCUSSION

Travelers argues that Green's Motion to Remand should be denied because Travelers showed by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. According to Travelers, Green herself admitted that her damages are $100,000.00 by demanding the policy limit in a pre-suit settlement offer and in the Civil Remedy Notice. (Doc. No. 10, p. 2.) The Court disagrees.

The Complaint does not support removal as it only contains a bare recital of the state court's jurisdictional limits. (Doc. No. 2, ¶ 1.) The Court therefore turns to the other papers that Travelers leans on to establish the amount in controversy.

Travelers submits that Green demanded the policy limit of $100,000.00 before the lawsuit was filed. Although neither party disputes that Green made a pre-suit settlement demand of $100,000.00, neither party submitted a copy of the said letter for the Court's consideration. Thus, the settlement offer letter is not in evidence before the Court. However, even if it were in evidence, while this offer provides some evidence of the amount in controversy, it by no means establishes that the amount in

-4-

controversy is in excess of $75,000.00. There is no specific information to support a claim for damages exceeding $75,000.00 and thus it is not a reasonable assessment of the value of Green's claim. There is nothing suggesting that Green's demand is anything more than mere puffery and posturing; and thus, it is insufficient to show by a preponderance of the evidence that the amount in controversy is satisfied. *See Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998) (court not persuaded that pre-suit settlement demand letter was an honest assessment of damages); *Standridge v. Wal-Mart Stores, Inc.,* 945 F. Supp. 252, 256 (N.D. Ga. 1996) (noting that pre-suit demand letter "is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking"); *Beardsworth v. Bd. of Comm'rs,* 1995 WL 617585, *3 (E.D. La. Oct. 18, 1995) (attaching "very little weight" to letters written as part of preliminary settlement discussions); *Sfirakis v. Allstate Ins. Co.*, 1991 WL 147482, *3 (E.D. Pa. July 24, 1991) (stating that pre-suit letters are "nothing more than posturing by counsel seeking to stake out a position for settlement purposes.").

Travelers also points to Green's Civil Remedy Notice as evidence that Green believes her damages exceed $75,000.00. Green identified several provisions of Florida law that Travelers has purportedly violated by refusing to engage in good faith settlement negotiations. Green's counsel ends the notice by noting that Travelers can correct its violations of Florida law by paying Green the $100,000.00 policy limit.

The Court agrees with the assessment of Civil Remedy Notices in *Jeffers v. State Farm Mutual Automobile Insurance Company*, No. 3:09-cv-1097-J-34JBT, Slip Op. at 9-11 (M.D. Fla. July 16, 2010). Civil Remedy Notices say nothing about the amount in controversy. They are precursors to bad-faith-failure-to-settle claims that may be brought against an insurer in the future. The only

possible use of the Civil Remedy Notice in this case is to serve as a description of Green's injuries. The Court, however, is still left to guess as to the nature of Green's "severe" injuries and the exact scope of her future treatment. (*See* Doc. No. 1, Ex. 1 at 18) ("Her current physician believes that she will require surgery for her cervical injury.").

Conclusory assertions are insufficient to prove the amount in controversy. Travelers emphasizes the damages Green alleges, such as bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, expense of hospitalization, medical and nursing care and treatment, and loss of earnings, among others. (Doc. No. 10 at 1.) However, mere allegations of severe injuries are insufficient to establish the amount in controversy. *See Ransom v. Wal-Mart Stores, Inc.*, 920 F. Supp. 176, 178 (M.D. Ga. 1996) ("If the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless."). There is simply no further elaboration about these injuries except that Green's physician "believes that she will require surgery for her cervical injury." (Doc. No. 1, Ex. 1 at 18.) Travelers' arguments are not specific factual allegations nor do they constitute "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *See Pretka*, 608 F.3d at 754.

When all the papers submitted by Travelers are considered as a whole, Travelers falls short of meeting its burden. The records it submitted in support of removal show, at most, that Green's claim for damages could possibly satisfy diversity jurisdiction's amount in controversy requirement. The record otherwise lacks specific factual allegations and supporting documents needed to remove the uncertainty surrounding the value of Green's claim.

**CONCLUSION**

Based on the foregoing, it is ordered as follows:

1. Green's Motion to Remand (Doc. No. 5), filed on September 23, 2011, is **GRANTED**.

2. The Clerk is **DIRECTED** to remand this case to the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk shall close this file.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida on October 18, 2011.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Clerk of the Circuit Court
for the Fourth Judicial Circuit
in and for Duval County, Florida